McIlvaine, J.
It is, by the terms of the will of PhillipGrandin, and not by the deed from, his executors to their- *465 mother, that the estate of the children of Mrs. Bates in the lands in question must be determined.
The provisions of the will which bear upon the subject are separated by other provisions which do not affect their construction, and, when brought into juxtaposition, read as follows:
“ My executor shall convey by proper writing to each of my three daughters, Hannah, Lucy Ann, and Susan Adeline (they being of full age or married), the portion of real-estate that may be assigned and set apart to them severally, so that each of them may have secured to her own use and subject to her own control the share of my estate that may be allotted to her, to be used and improved and enjoyed by them respectively, during their lives, and on their death, or the death of each of them, the share of each shall go to the child or children of each, and in case of the death of either of my daughters without surviving issue, the share of such daughter shall go to the surviving brothers and sisters in equal parts, to be held by each under the same limitations as the residue of my estate is held by them respectively; ... . and should any one or more of my children die leaving issue, and should such issue die under the age of twenty-one years without issue, then I direct hereby that the property, that by the terms of this will would have passed to such child or such children or their issue, shall pass in fee-simple to such of my children as may then survive, and to- the heirs of such as may then have deceased, in the same way as by this will it is provided in cases when such child or children should die without issue.”
By the former clauses contained in the above extract from the will, estates in this property were devised as follows :
1. An estate for her life to Mrs. Bates.
2. An estate in remainder in fee to the children of Mrs. Bates.
3. Remainder in fee over to the surviving brothers and *466 sisters of Mrs. Bates in the event that she should die without leaving issue surviving her.
It is perfectly clear, from the devise of the remainder over to the surviving brothers and sisters of Mrs. Bates in the event of her death without surviving issue, that the remainder to her children was contingent upon the event that the. issue of Mrs. Bates should survive her.
By the latter clauses in the will above quoted, a condition of defeasance also is attached to the estate devised to the children of Mrs. Bates, namely, that in case Mrs. Bates should die leaving issue, the estate so devised should cease and determine, in the event that such issue should die under the age of twenty-one years without issue.
The conditions that are thus imposed upon the title of the children of Mrs. Bates are not at all inconsistent, nor ■do we think that the testator by attaching the latter condition of defeasance, intended to defeat the remainder over to the brothers and sisters of Mrs. Bates in the event that she should die without leaving surviving issue.
We need not, therefore, inquire whether it be possible, under the agreed statement of facts, that Mrs. Bates should bear other children, or whether her issue that may survive her may die “ under the age of twenty-one years without issue.” The fact that Mrs. Bates is yet living, and may survive all her issue, is sufficient to show that the fee-simple estate of her children is contingent and not absolute.

Motion overruled.

■Welch, C. J., White, Rex, and Gilmore, JJ., concurred.